FIRST NATIONAL BANK OF WEST POINT, APPELLANT, V. WILLIAM E. KRAUSE, APPELLEE.

FILED MARCH 21, 1907. No. 14,705.

Account: EVIDENCE. In this, an action for an accounting between joint owners of real estate, evidence examined, and *held* sufficient to sustain the finding of the trial court.

APPEAL from the district court for Cuming county: GUY T. GRAVES, JUDGE. *Affirmed.*

*E. K. Valentine* and *M. McLaughlin,* for appellant.

*T. M. Franse* and *Anderson & Keefe, contra.*

EPPERSON, C.

In 1894, the defendants Krause and Sonnenschein became the joint owners of several city lots in West Point,

Nebraska. Title thereto was taken in the name of the defendant Krause. Afterwards some of the lots were transferred as a part of the consideration for 320 acres of land in Pierce county. The title to this land was also taken in the name of Krause, but Sonnenschein was the owner of one-half thereof. Later Sonnenschein conveyed to the First National Bank of West Point, the plaintiff herein, all his interest in the remaining lots, and to the rents and profits thereof, and to the rents and profits collected by Krause from the land in Pierce county, which had been sold July 13, 1903. During the joint ownership Krause had the management of the property, collected the rents, and paid the taxes and interest, and most of the expenditure for repairs and improvements. Plaintiff brought this action for an accounting with defendant Krause, and also made Sonnenschein a party defendant.

The principal contention pertains to the land, plaintiff claiming $2,411 as one-half the net profits, Krause contending that the expenditures exceeded the receipts by $2,300. Briefly stated, the transactions regarding the land are as follows. The consideration given for the land was the city lots, valued at $800, a mortgage indebtedness of $1,850 assumed, cash $1,000, and a note of $1,150 given to the grantor by Krause and indorsed by Sonnenschein. The $1,000 cash payment was borrowed from a bank upon the joint note of the defendants, and Krause herein seeks to charge plaintiff with one-half thereof, claiming to have paid all of it; but it is conclusively established by the testimony of Sonnenschein, fortified by the written acknowledgment of Krause, that Sonnenschein paid one-half of this indebtedness. Much controversy arises over the $1,150 note given to the grantor. Sonnenschein testified that the note was given, not as a part of the consideration for the land, but as a special favor to Krause. In view, however, of a written contract in his own handwriting, which provided for the giving of the note as a part of the consideration, we are led to the conclusion that he is mistaken, and that the note was a just charge against the

joint funds. On March 6, 1895, Krause paid $450 on the $1,150 note and gave his own note for $700 in renewal of the remainder. Later he paid $100 on the principal, and for some time thereafter paid interest upon the remaining $600, finally extinguishing the same. On March 6, 1895, he also executed a $2,500 mortgage upon the land in controversy, thereby renewing the original mortgage, then amounting to $1,897. He attempts to charge against the joint funds all the interest and principal paid upon the $2,500 mortgage. Plaintiff concedes that $1,897 thereof is a just charge, and we add $450, being the amount paid on the $1,150 note. No rents had been received prior to the date of this payment and the indebtedness was in no way diminished by changing the evidence thereof from one payee to another. As the mortgage called for only 7 per cent. interest, no prejudice results by changing this indebtedness from an unsecured to a secured claim. As to the $153 of the $2,500 mortgage, we find no competent evidence showing that this was used for the joint undertaking.

On December 9, 1896, Sonnenschein paid Krause one-half of all moneys expended prior thereto for repairs and improvements. This settlement did not include interest payments or taxes. It is disclosed by the record that the amount then paid by Sonnenschein represented one-half of all expenditures other than interest and taxes, less $84.43 rents received. Plaintiff admits the expenditure of $407.06 in the aggregate for improvements, repairs and taxes subsequent to December 9, 1896. It is undisputed that $844.75 was the aggregate rental received since December 9, 1896, and $4,665, the selling price of the land, defendant Sonnenschein expending $82.05, which the evidence clearly shows should be set off against the expenditure of defendant Krause, and $35, regarding which the evidence is not so clear. Computing interest at the rate of 7 per cent. on each payment of principal and interest on the indebtedness, taxes and repairs subsequent to December 9, 1896, from its date to the date of the sale, we find that

Krause's expenditures, with interest, amount to $5,902, and the receipts, with interest, $5,673, showing a loss of $229. Sonnenschein lost $155.90. From this it is apparent that on the date of sale Krause owed nothing to Sonnenschein nor the plaintiff on account of the farm land. The district court found a greater difference in the amounts of the expenditures of the parties, but such error was without prejudice, as defendant did not seek to recover from plaintiff or his codefendant.

As to the city lots, the district court found that the defendant Krause had expended $137.62 in the payment of taxes assessed thereon, and had received $10 rent, and decreed that Krause convey a one-half interest therein to plaintiff upon the payment to him of $63.81, one-half the net loss upon the lots alone. By his answer Krause admitted having received $36 rent. Were we to consider the lots alone, we would have to modify the judgment by decreasing the amount to be paid by the plaintiff accordingly. But considering the greater amount lost by Krause in the land transaction, he is not, by the judgment of the district court, reimbursed even one-half of the net loss on the joint undertakings of the parties. And as the defendant filed no cross-appeal, but expressed himself as satisfied with the decree rendered, it is unnecessary to modify the judgment of the lower court.

Plaintiff attacks a book account and other exhibits introduced in evidence by defendant Krause. The book account was identified as a correct statement of entries made by Krause concerning the real estate in controversy. Several of the entries therein were shown to be improper as charges against his co-owner, and we have not taken the book account as evidence, but have made our computation from expenditures admitted by plaintiff and those proved by evidence other than the book account, such as canceled notes and receipts. Other items in the account between the parties have been called to our attention. We have carefully examined this voluminous record, and

42

noted every contention of counsel, and our conclusion coincides with that of the district court. Many other payments were made by Krause, which we have not reviewed in this opinion, because the evidence shows that they were settled for by Sonnenschein, and their consideration here would not change the result.

We recommend that the judgment of the district court be affirmed.

AMES and OLDHAM, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.